UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JOHN AGUILA, and individual,

      Plaintiff,

v.                                                                                           Case No.

RIPA & ASSOCIATES, LLC a Florida limited
liability company,

      Defendant.

_____/

TO:    THE UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF FLORIDA, FT. LAUDERDALE DIVISION

## NOTICE OF REMOVAL

Defendant, RIPA & Associates, LLC ("Ripa"), through its counsel, hereby gives notice to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, of the removal to this Court of this cause originally filed and now pending in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, Broward County. In support of its Notice, Ripa states:

1.      Plaintiff, John Aguila ("Aguila"), filed the above-styled action in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, Broward County, on or about March 15, 2021 (Case No. CACE-21-005421). Aguila named Ripa as a Defendant.

2.      Ripa received service of process of the Summons and Complaint on March 18, 2021. This removal is, thus, timely filed in this Court within thirty (30) days of Ripa's receipt of the initial pleading in this case, pursuant to 28 U.S.C. § 1446(b)(1).

3.      The only two parties in this case are Aguila and Ripa.

4.      In this action, Aguila seeks damages for, among other things, Ripa's purported violation of the "Federal Motor Vehicle Information and Cost Savings Act" ("Federal Odometer Act"), 49 U.S.C. § 32710, *et seq.* Aguila does not allege a specific measure of damages, but asserts

that the amount in controversy is "in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorney's fees." [Complaint for Damages and Incidental Relief ("Complaint"), ¶ 100].

5.     Aguila's Complaint includes a demand for a jury trial. [Complaint, p. 27].

6.     Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and this Division embrace Broward County, the place in which the removed action is currently pending.

7.     This Court has federal jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

8.     Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States."

9.     Aguila's Complaint falls squarely within this grant of jurisdiction because it expressly includes a claim (Count I) based upon a federal statute, i.e., the Federal Odometer Act, 49 U.S.C. § 32710, *et seq.*

10.     Because Aguila's Federal Odometer Act claim arises under the laws of the United States, this Court has original jurisdiction over that claim.  28 U.S.C. § 1331; *see also Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) ("Where a plaintiff's well-pleaded complaint alleges a cause of action arising under federal law, subject matter jurisdiction exists for a federal court to determine whether the allegations entitle him to relief.").

11.     In addition, 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

12.     Aguila's state law claims for violation of the "Florida Deceptive and Unfair Trade Practices Act" ("FDUTPA"), Fla. Stat. § 501.201, *et seq.* (Count II), Fraud (Count III), Negligent Misrepresentation (Count IV), Fraudulent Inducement (Count V), and Breach of Express Warranty (Count VI) are so related to Aguila's claim for purported violation of the Federal Odometer Act that they form part of the same case or controversy under Article III of the United States Constitution.  Indeed, the state and federal law claims are all premised upon the same allegations identified in the Complaint at paragraphs 1 through 99. *See* [Complaint, ¶¶ 101, 116, 128, 135, 142, and 148].

13.     Because Aguila's state law claims are based on the same nucleus of operative facts, the Court has supplemental jurisdiction over Aguila's state law claims pursuant to 28 U.S.C. § 1367.

14.     Accordingly, this case is properly removable under 28 U.S.C. §§ 1331 and 1367.

15.     Copies of all process, pleadings, and orders filed in the state court action are attached hereto as **Composite Exhibit "1."**

16.     Ripa is giving written notice of filing this Notice of Removal as required by 28 U.S.C. § 1446(d) to Aguila's counsel in the state court action.

17.     A copy of this Notice of Removal will be filed with the Broward County Clerk of Court, as required by 28 U.S.C. § 1446(d).

18.     This matter is being removed to the Ft. Lauderdale Division pursuant to 28 U.S.C. § 1446(a).

Dated this 6th day of April 2021.

*s/ Ty G. Thompson*
E.A. "SETH" MILLS, JR., ESQ.
Florida Bar No. 339652
Email: smills@mpdlegal.com
Secondary: csolstis@mpdlegal.com

TY G. THOMPSON, ESQ.
Florida Bar No. 0585041
Email: tthompson@mpdlegal.com
Secondary:  mlewis@mpdlegal.com
ROBERT C. GRAHAM, JR., ESQ.
Florida Bar No 105951
Primary: rgraham@mpdlegal.com
Secondary: mlewis@mpdlegal.com
MILLS PASKERT DIVERS
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
813-229-3500 – telephone
813-229-3502 – facsimile
*Counsel for RIPA & Associates, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 6, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and sent via electronic mail a copy of the foregoing

to:

Robert W. Murphy, Esq.
1212 S.E. 2nd Ave.
Fort Lauderdale, Florida 33316
rwmurphy@lawfirmmurphy.com

Joshua Fegin, Esq.
Joshua Feygin, PLLC
1800 E. Hallandale Bch. Blvd. #85293
Hallandale, Florida 33009
josh@jfeyginesq.com

*Counsel for Aguila*

<u>*s/ Ty G. Thompson*</u>
Attorney