UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60746-CIV-SMITH

JOHN AGUILA,

    Plaintiff,

v.

RIPA & ASSOCIATES, LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT RIPA'S MOTION TO DISMISS

This matter is before the Court on Defendant, Ripa & Associates, LLC's ("RIPA" or "Defendant") Motion to Dismiss Amended Complaint [DE 15], Plaintiff's Response in Opposition [DE 16], and Defendant's Reply [DE 17]. For the reasons that follow, Defendant's Motion to Dismiss is denied.

**I.    THE AMENDED COMPLAINT**

This case involves claims brought under the Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701, *et seq.* (the "Odometer Act"). According to the Amended Complaint [DE 7], RIPA entered into an employment, agency, partnership or joint venture with unknown defendants to dispose of used fleet vehicles with unlawfully modified odometers. (Am. Compl. ¶ 12.) RIPA would routinely retire vehicles that had reached high-mileage or vehicles that had become too costly to repair. (*Id.* ¶ 16.) RIPA contracted with unknown defendants to market and sell heavily used, high-mileage fleet vehicles. (*Id.* ¶ 17.) The vehicles were sold by unknown defendants on behalf of RIPA. (*Id.* ¶ 18.) The vehicles were owned by and registered to RIPA. (*Id.*) In order to obtain higher prices for the vehicles, the odometers were rolled back to significantly lower the

shown mileage. (*Id.* ¶ 19.) RIPA handed the physical titles for the vehicles to the unknown defendants without completing either the assignment or mileage disclosure, thereby allowing the unknown defendants to modify the title document prior to sale. (*See id.* ¶ 20.)

In August 2020, Plaintiff sought a reliable, lower mileage, used pick-up truck for his small business. (*Id.* ¶ 25.) Plaintiff discovered an online advertisement for a 2015 Dodge Ram 1500 (the "Pickup"), offered for sale by an individual referred to as Bob Marks ("Bob Marks"), whom Plaintiff believes to be an undisclosed agent of RIPA. (*Id.* ¶ 27.) The online advertisement was designed to create the impression that Bob Marks was a small business owner. (*Id.* ¶ 28.) The advertisement used a stock image related to a plumbing company next to the seller's name. (*Id.*) Based upon the advertisement's representation, Plaintiff believed that Bob Marks was a small businessman looking to sell his own work vehicle. (*Id.* ¶ 29.)

Plaintiff contacted Bob Marks using the advertised telephone number. (*Id.* ¶ 30.) Bob Marks confirmed that the Pickup was available for sale, and Bob Marks made the following additional representations: (1) the Pickup was a work vehicle that Bob Marks had used in his plumbing business; (2) Bob Marks was "getting rid of his old work trucks" that were used in his business; (3) the mileage was 82,000. (*Id.* ¶ 32.) Plaintiff had seen at least one other internet advertisement posted by Bob Marks for another pick-up truck. (*Id.* ¶¶ 33-34.)

Plaintiff asked to see the Pickup, and Bob Marks told Plaintiff to meet him "behind his plumbing business" at 1840 NE 41st Street, Pompano Beach, Florida 33064. (*Id.* ¶¶ 36-38.) Unbeknownst to Plaintiff, the location provided was a plumbing business, but not one owned or associated with Bob Marks. (*Id.* ¶ 39.) The location provided to Plaintiff was used by Bob Marks as a staging area where Bob Marks would go to launder car titles to unsuspecting purchasers without being tracked. (*Id.* ¶ 40.) Bob Marks arrived with an unidentified female in a Ford pick-

up truck, believed to be owned by RIPA. (*Id.* ¶ 41.) Plaintiff offered $11,500 in cash for the Pickup, and Bob Marks accepted. (*Id.* ¶¶ 42-46.)

Bob Marks began to fill out the title for the Pickup, using a blue pen. (*Id.* ¶¶ 47-48.) Plaintiff then wrote his name and address with black pen and signed his name to the Transfer Title. (*Id.* ¶¶ 49-50.) Bob Marks asked Plaintiff to read out the mileage listed on the Pickup odometer, and Plaintiff did so, stating that the Pickup had approximately 82,500 miles listed on the odometer. (*Id.* ¶¶ 52-55.) Plaintiff paid Bob Marks the purchase price in cash. (*Id.* ¶ 57.) Bob Marks instructed Plaintiff to transfer the title at a specific private tag agency, located at 1503 S. Cypress Road, Pompano Beach, Florida 33060 (the "Tag Agency"). (*Id.* ¶ 59.) Unbeknownst to Plaintiff, Bob Marks had carefully choreographed the title transfer to induce Plaintiff into buying a vehicle with a modified odometer that had been owned by RIPA. (*Id.* ¶ 60.)

After returning home, Plaintiff accessed the CARFAX website and obtained a report on the Pickup. (*Id.* ¶ 66.) According to the CARFAX report, the Pickup was a 2014 model, not a 2015 model. (*Id.* ¶ 67.) The CARFAX report also showed that the service records associated with the Pickup reported significantly greater mileage on the Pickup — four months prior to the date of sale, the mileage registered on the Pickup was 177,372 miles. (*Id.* ¶¶ 71-72.) Upon further inspection, Plaintiff discovered that the Pickup was actually owned by RIPA, not Bob Marks. (*Id.* ¶ 75.) The address listed for RIPA was in Tampa, Florida, not the location at which Bob Marks instructed Plaintiff to meet him. (*Id.* ¶ 76.) Plaintiff also discovered that the Transfer of Title inaccurately reflected the purchase price. The document stated that Bob Marks only received $5,000 for the Pickup, rather than the correct purchase price of $11,500. (*Id.* ¶ 78.) Plaintiff believes that Bob Marks instructed Plaintiff to use the Tag Agency intentionally to avoid any potential questioning by government employees. (*Id.* ¶ 80.)

Thereafter, Plaintiff inspected the website on which Bob Marks had advertised the Pickup and discovered that Bob Marks was selling many other vehicles, with similar advertised mileage. (*Id.*) Bob Marks also operated under the alias "Bobby Turner." (*Id.* ¶ 86.) Similar to Bob Marks, Bobby Turner used a stock photograph relating to roofing next to his name in an effort to falsely represent that he was a small business roofer. (*Id.* ¶ 88.) Plaintiff conducted an internet search for the individual who had signed the Transfer Title, Chris LaFace. (*Id.* ¶ 96.) Plaintiff discovered that LaFace was the President and Chief Executive Officer of RIPA. (*Id.* ¶ 97.) Plaintiff called RIPA and asked to speak with Robert Turner, who turned out to be RIPA's fleet vehicle manager. (*Id.* ¶¶ 99-100.)

Plaintiff claims that, according to the Florida Department of Motor Vehicle records, RIPA has owned more than three hundred fleet vehicles in the past four years. (*Id.* ¶ 101.) Since June 2020, RIPA has sold at least fifty-four (54) fleet vehicles under the name "Bob Marks" and sixty-three (63) fleet vehicles under the name "Bobby Turner" using the same website. (*Id.* ¶ 107.) Plaintiff believes that RIPA has used similar tactics to fraudulently sell other fleet vehicles. (*Id.* ¶ 102.) Plaintiff contacted Bob Marks to confront him with the information that Plaintiff had uncovered. (*Id.* ¶¶ 89-90.) Plaintiff demanded that Bob Marks refund his money, and Bob Marks agreed. (*Id.* ¶¶ 91-92.) However, Bob Marks never refunded the money. (*Id.* ¶¶ 93-94.)

Plaintiff has alleged six counts against RIPA and the remaining unknown defendants: (1) tampering and false disclosure in violation of the federal Odometer Act; (2) aiding and abetting in violation of the federal Odometer Act; (3) fraud; (4) negligent misrepresentation; (5) fraudulent inducement; and (6) breach of express warranty. RIPA seeks to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

In order to state a claim for relief, Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. 555.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of plaintiff. *See United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, this does not apply to legal conclusions, and courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Iqbal*, 556 U.S. at 678. Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b)(6) is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are

merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *ADA*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION

The Odometer Act allows private citizens to recover money damages from those who violate its provisions with the intention to defraud. 49 U.S.C. § 32710(a). In order to allege a cause of action under the Odometer Act, a complaint must allege (1) that the defendant violated the Act or its regulations (2) with the intent to defraud. *Owens v. Samkle Auto., Inc.,* 425 F.3d 1318, 1321 (11th Cir. 2005). Plaintiff has alleged that Defendants violated sections 32703, 32704, and 32705. Section 32703 provides, in relevant part, that:

> A person may not —
>
> \*     \*     \*
>
> (2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;
>
> (3) with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or
>
> (4) conspire to violate this section or section 32704 or 32705 of this title.

49 U.S.C. § 32703. Section 32704 provides, in relevant part, that:

> (a) Adjusting mileage. A person may service, repair, or replace an odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair, or replacement. If the mileage cannot remain the same —
>
> (1) the person shall adjust the odometer to read zero; and
>
> (2) the owner of the vehicle or agent of the owner shall attach a written notice to the left door frame of the vehicle specifying the mileage before the service, repair, or replacement and the date of service, repair, or replacement.

6

>(b) Removing or altering notice. A person may not, with intent to defraud, remove or alter a notice attached to a motor vehicle as required by this section.

49 U.S.C. § 32704. Section 32705(a)(2) provides that "A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2).

RIPA argues that Plaintiff erroneously seeks to attribute Bob Mark's conduct and representations to RIPA without sufficiently alleging any actual or apparent agency relationship between RIPA and Bob Marks. RIPA also argues that Plaintiff's allegations are insufficient to directly implicate RIPA in any wrongful conduct. The Court disagrees.

The Amended Complaint alleges facts sufficient to support claims against RIPA directly and through the conduct of its apparent agent, Bob Marks. Plaintiff alleges that the Pickup he purchased from RIPA contained an odometer that had been tampered with or replaced by Defendants. The Transfer of Title document was executed by Chad LaFace, the President and Chief Executive Officer of RIPA. Accordingly, Chad LaFace knowingly authorized the sale of a vehicle owned by RIPA with an odometer that had been unlawfully modified or replaced and failed to make the proper disclosures prior to executing the sale. Plaintiff alleges that RIPA had actual knowledge of the unlawfully modified odometers and nevertheless sold the vehicles with the intent to defraud unsuspecting purchasers and secure a higher purchase price.

Moreover, Plaintiff alleges that RIPA entered into an agreement or conspired with, among others, Bob Marks to broker the sale of RIPA's retired fleet vehicles with unlawfully modified odometers. The factual allegation claiming that Bob Marks had the authority to transact on behalf of RIPA supports Plaintiff's agency theory. The existence of an agency relationship between Bob Marks and RIPA is a reasonable inference derived from the factual allegation claiming that Bob Marks brokered and effectuated the sale of the Pickup lawfully owned and registered to RIPA.

7

Furthermore, Plaintiff alleges that Brad LaFace authorized Bob Marks to make alterations to the Transfer of Title document, even after it had been signed, in order to complete the sale. According to the Amended Complaint, Bob Marks advertised RIPA's vehicle for sale, had control and possession of RIPA's vehicle and its title, negotiated the purchase price of RIPA's vehicle, modified the Transfer of Title document for RIPA's vehicle after the document had been signed and provided to him by RIPA's President and Chief Executive Officer, accepted the cash payment in exchange for RIPA's vehicle, and otherwise completed the transaction for sale of RIPA's vehicle. Had such a relationship not existed, Bob Marks would presumably not have been in possession of the already executed vehicle title and would not have been capable of completing the transaction with Plaintiff. The Court finds that, at this early stage of the proceeding, the allegations contained within the Amended Complaint are sufficient to allege an apparent agency relationship between Bob Marks and RIPA. Thus, the Amended Complaint contains allegations sufficient to state a claim for relief against RIPA with respect to Counts I-V.

Next, RIPA argues that Plaintiff has failed to state a claim for aiding and abetting. Specifically, RIPA argues that Plaintiff has failed to include allegations that RIPA had actual knowledge of the underlying violations of the Odometer Act, one of the elements of an aiding and abetting claim. The Court disagrees. In the Amended Complaint, Plaintiff alleges that RIPA had actual knowledge of the unlawfully modified odometers and nevertheless sold the vehicles with an intent to defraud the purchasers and secure a higher purchase price. Plaintiff alleges that RIPA conspired and entered into an agreement with other individuals, such as Bob Marks, for the purpose of selling its vehicles with unlawfully modified odometers. Plaintiff's allegations concerning RIPA's knowledge of the underlying violations of the Odometer Act are sufficient to state a claim for aiding and abetting.

Finally, RIPA argues that Plaintiff's claims for breach of an express warranty must be dismissed because Plaintiff failed to satisfy pre-suit notice requirements, required under Florida law. In response, Plaintiff argues that he did provide sufficient notice when Plaintiff confronted Bob Marks and demanded a refund.

Under Florida law, a buyer must notify the seller of any breach within a reasonable time after the breach is or should have been discovered or the buyer is barred from remedy. Fla. Stat. § 672.607(3)(a). RIPA's argument is predicated upon a finding that Plaintiff failed to adequately allege an agency relationship between Bob Marks and RIPA. As explained above, Plaintiff has sufficiently alleged the exitance of an agency relationship between Bob Marks and RIPA. Plaintiff clearly alleged that, upon discovering the alleged fraud, Plaintiff contacted Bob Marks and demanded a refund, but Bob Marks failed to refund Plaintiff the money.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss the Amended Complaint [DE 15] is **DENIED**. Defendant shall file their answer the Amended Complaint no later than March 7, 2022.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 28th day of February, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record